UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURA L. A.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:21-cv-05697-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

1. Did the ALJ Properly Evaluate the Medical Opinion Evidence?

2. Did the ALJ Properly Evaluate Plaintiff's Subjective Testimony?

3. Did the ALJ Properly Evaluate Lay Witness Testimony?

## II.    BACKGROUND

Plaintiff applied for DIB and SSI, respectively, in November 2012 and January 2013, alleging in both applications a disability onset date of March 31, 2007. AR 120–21, 265–76. Plaintiff's claims were denied upon initial review and on reconsideration.

AR 171–87, 190–200. Plaintiff's first requested hearing took place before Administrative Law Judge ("ALJ") Stephanie Martz on June 5, 2014. AR 41–47. At the hearing, Plaintiff amended her alleged onset date to April 21, 2008. AR 44–45.

On August 11, 2014, ALJ Martz issued a decision in which she found Plaintiff was not disabled. AR 18–33.[1] The Appeals Council, after reviewing additional evidence, denied Plaintiff's request for review, leading Plaintiff to seek review in this Court. AR 1–7, 1220. In an order dated March 7, 2017, this Court affirmed the ALJ's decision. AR 1265.

Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit, and on August 10, 2020, the Court affirmed in part, reversed in part, and remanded the decision to the Commissioner for further proceedings. AR 1247. Following this decision, the Social Security Appeals Council vacated ALJ Martz's decision and remanded the case for a new hearing. AR 1281–85. This new hearing took place before ALJ David Johnson on March 24, 2021. AR 1163. In a decision dated May 24, 2021, ALJ Johnson determined that Plaintiff was not disabled. AR 1127–52. Plaintiff seeks review in this Court. *See* Dkt. 17.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind

---

[1] Following ALJ Martz's decision, Plaintiff filed a new claim for SSI benefits on October 7, 2014, and was found to be disabled as of January 13, 2015. Thus, the period at issue in this case is between April 1, 2008, and January 12, 2015. AR 1127, 1283.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

<u>IV. DISCUSSION</u>

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of degenerative changes of the lumbar spine, degenerative changes of the cervical spine, seizure disorder, affective disorder, and anxiety disorder. AR 1130. Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 1135. Relying on vocational expert ("VE") testimony, the ALJ found at step four that Plaintiff could not perform her past relevant work, but could perform other light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that Plaintiff was not disabled. AR 1149–50.

<u>1. Whether the ALJ Properly Evaluated Medical Opinions from Frank Marinkovich, M.D. and Christina Diamonti, Psy.D.</u>

Plaintiff assigns error to the ALJ's evaluation of opinions from treating physician Frank Marinkovich, M.D., and from examining psychologist Christina Diamonti, Psy.D. Dkt. 17, pp. 3–10.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In either case, substantial evidence must support the ALJ's findings. *Id.* Under Ninth Circuit law, opinions from non-examining medical sources that contradict a treating

physician's opinion will trigger the "specific and legitimate reasons" standard of review. *See, e.g.*, *Revels*, 874 F.3d at 662 (requiring only specific and legitimate reasons where treating doctor's opinion was "contradicted by the findings of Dr. Rowse and Dr. Blando, the non-examining doctors from the state agency, and, to some extent, the opinion of Dr. Ruggeri, the hand specialist").

"Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [treating or examining doctors] falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion). An ALJ need not accept a medical opinion that is brief and conclusory when the ALJ faces conflicting evidence regarding the claimant's condition. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

A. Opinion of Dr. Marinkovich

Dr. Marinkovich, Plaintiff's longtime treating physician, authored two opinions on Plaintiff's functional limitations. In the first opinion, dated May 17, 2013, Dr. Marinkovich opined that Plaintiff could regularly lift less than three pounds, could only stand for a total of one hour in an eight-hour workday, could walk for 15 minutes at a time, could rarely reach and handle, and needed to lie down during the day due to spinal pain. AR 845–48. In a June 2014 opinion, Dr. Marinkovich assessed the same limitations and stated that Plaintiff had experienced them since 2008. AR 1108–11. Finally, in a third statement rendered on January 9, 2015, after the initial ALJ hearing decision, Dr. Marinkovich further explained the basis for his previous assessed limitations and stated

that they had been present since at least April 2010. AR 456–60. The ALJ did not rely

on Dr. Marinkovich's opinions, reasoning that they were (1) inconsistent with Dr.

Marinkovich's own benign examination findings; (2) inconsistent with Plaintiff's

diagnostic studies; and (3) relied on Plaintiff's subjective complaints, which the ALJ

determined to be unreliable. AR 1144–46.

In her prior appeal to this Court, Plaintiff also challenged the ALJ's evaluation of

all three opinions. In a report and recommendation, Chief Magistrate Judge James P.

Donohue noted:

> Plaintiff argues that the ALJ's reasons for rejecting Dr.
> Marinkovich's opinions amount to an attempt to "play doctor" and that Dr.
> Marinkovich's opinions were not, as suggested by the ALJ, rendered in
> reliance upon subjective reporting. [Citation omitted.] Plaintiff's arguments
> are not persuasive, because the ALJ's findings are supported by
> substantial evidence. The ALJ cited to various treatment notes
> documenting normal and unremarkable examination findings, which she
> construed to be inconsistent with Dr. Marinkovich's opinion in certain
> specified respects. AR at 29–30 (citing AR at 463–79, 484, 491–92, 568,
> 782–83, 808–09, 881). Plaintiff essentially argues that the ALJ is not
> qualified to consider whether Dr. Marinkovich's opinions are inconsistent
> with the objective medical evidence, but this is indeed within the ALJ's
> purview. *See, e.g.*, *Bayliss* [*v. Barnhart*], 427 F.3d [1211,] 1216 [(9th
> Cir.2005)] (finding that an ALJ permissibly considered whether a doctor's
> opinion was supported by his or her clinical notes, and did not err in
> rejecting a medical opinion based on a contradiction between the notes
> and the opinion).

AR 1276.

The Court also noted that the 2015 opinion "comments and expands upon [Dr.

Marinkovich's] earlier opinions, but is not based on updated treatment records[,]" and

"does not warrant remand, because it does not undermine the substantial evidence

supporting the ALJ's decision." *Id.* at 1276–77. In an order dated March 7th, 2017,

District Judge Richard A. Jones adopted Judge Donohue's report and recommendation.

1    In its dispositive order affirming the District Court in part and reversing in part, a

2    three-judge panel of the Ninth Circuit Court of Appeals held that

3        The ALJ offered "'specific and legitimate reasons' supported by
         substantial evidence in the record" for affording little weight to the opinions
4        of Dr. Frank F. Marinkovich, [Plaintiff]'s primary care physician. *Lester v.
         Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722
5        F.2d 499, 502 (9th Cir. 1983)). The ALJ properly identified a number of
         inconsistencies between the doctor's opinions and his treatment notes,
6        *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th
         Cir. 2009); *Bayliss* [], 427 F.3d [at] 1216[], and between the doctor's
7        opinions and diagnostic studies, *see Tommasetti v. Astrue*, 533 F.3d
         1035, 1041 (9th Cir. 2008), regarding the degree of [Plaintiff]'s limitations.
8    AR 1256–57.

9        The Ninth Circuit held that the ALJ erred in finding that Dr. Marinkovich's

10   opinions relied heavily on Plaintiff's symptom complains, but also held that "the error

11   was harmless because the ALJ's decision was based on other specific and legitimate

12   reasons that are supported by substantial evidence in the record." AR 1257 (citing

13   *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). In the

14   decision that is now before the Court, the ALJ, citing this Court's decision and the Ninth

15   Circuit's order, reiterated that the opinion was inconsistent with objective evidence. AR

16   1145. The Commissioner avers that the ALJ's reasoning regarding the objective

17   evidence's inconsistency with Dr. Marinkovich's opinion became the law of the case

18   based on the opinion of the Ninth Circuit. Dkt. 18, p. 11. The Commissioner's argument

19   is well-taken.

20       The law of the case doctrine generally prohibits a court from reconsidering an

21   issue that has already been decided by that same court, or by a higher court in the

22   same case. *Stacy v. Colvin*, 82 F.3d 563, 567 (9th Cir. 2016). The doctrine should not

23   be applied "when the evidence on remand is substantially different, when the controlling

24

25

law has changed, or when applying the doctrine would be unjust." *Id.* at 567.

Plaintiff maintains that the law of the case doctrine is inapplicable here because this Court's decision "*was reversed*[,]" the Ninth Circuit decision "*was dictum*[,]" and "neither decision considered Dr. Marinkovich's January 2015 explanatory statement." Dkt. 17, p. 7 (italics in original). Yet the Ninth Circuit decision did not reverse but, rather, affirmed the District Court's decision with respect to the issue of Dr. Marinkovich's opinion. AR 1257. Both decisions also explicitly considered Dr. Marinkovich's 2015 opinion. AR 1256–57, 1276.

In the reply brief, Plaintiff also notes that "the Appeals Council *vacated* the previous ALJ decision." Dkt. 23, p. 2 (italics in original). However, Plaintiff does not provide any persuasive or controlling authority to support the proposition that the Appeals Council order vacating the prior ALJ decision, issued in the wake of the Ninth Circuit's partial affirmance, rendered invalid this Court's or the Ninth Circuit's reasoning. *See id.* Plaintiff does not effectively refute the Commissioner's argument that the law of the case doctrine applies here; thus, Plaintiff has failed to show error.[2]

B. Opinion of Dr. Diamonti

In June 2013, Dr. Diamonti evaluated Plaintiff, including a clinical interview and mental status examination, and opined that Plaintiff had marked limitations in her ability to complete a normal workday or work week without interruptions from psychologically based symptoms; to maintain appropriate behavior in a work setting, or to communicate

---

[2] Plaintiff also notes that this Court and the Ninth Circuit panel "held that the ALJ's analysis was supported by substantial evidence; they did not hold that ALJ Martz's analysis was supported by a preponderance of the evidence." Dkt. 23, p. 2. Plaintiff does not, however, indicate why this is relevant. As stated above, *supra* Section III, this Court reviews an ALJ's findings for the support of substantial evidence. *Revels*, 874 F.3d at 654. Plaintiff cites no authority to support the implied proposition that an ALJ's findings must be supported by a preponderance of the evidence.

1    and perform effectively in a work setting. AR 864. The ALJ gave little weight to this

2    opinion, reasoning that it was (1) inconsistent with Dr. Diamonti's unremarkable

3    examination findings; (2) inconsistent with Plaintiff's overall performance in mental

4    status examinations; and (3) overly reliant on Plaintiff's subjective complaints. AR 1148.

5         With respect to the ALJ's first reason, an ALJ may discount a medical opinion on

6    the basis of contrast between the medical source's recorded observations and

7    assessed limitations. *Bayliss*, 427 F.3d at 1216. Here, as the ALJ noted, Dr. Diamonti

8    noted that Plaintiff showed an unhappy and dysphoric affect, but also showed

9    cooperative behavior, good attitude, good eye contact, appropriate facial expressions,

10   logical speech, normal thought processes, normal memory, normal concentration, and a

11   normal fund of knowledge. AR 1148 (citing AR 865–66). The ALJ, having accounted for

12   the lone abnormal finding, was entitled to rely on these normal examination results to

13   hold that Plaintiff's limitations were less severe than Dr. Diamonti found. Plaintiff does

14   not refute this reasoning. Dkt. 17, pp. 9–10; Dkt. 23, pp. 4–5.

15        Although the ALJ provided additional reasons for discounting Dr. Diamonti's

16   opinion, the Court need not assess whether these reasons were proper, as any error

17   would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th

18   Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th

19   Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical

20   opinion, "this error was harmless because the ALJ gave a reason supported by the

21   record" to discount the opinion).

22

23

24

25

1   2. Whether the ALJ Properly Considered Plaintiff's Symptom Testimony

2   Next, Plaintiff assigns error to the ALJ's evaluation of her symptom testimony.

3   Dkt. 17, p. 10.

4   In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*,

5   871 F.3d at 678. First, the ALJ must determine whether there is objective medical

6   evidence of an underlying impairment that could reasonably be expected to produce

7   some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir.

8   2014). If the first step is satisfied, and provided there is no evidence of malingering, the

9   second step allows the ALJ to reject the claimant's testimony of the severity of

10  symptoms if the ALJ can provide specific findings and clear and convincing reasons for

11  rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th

12  Cir. 1999) (inconsistent testimony about symptoms is clear and convincing reason to

13  discount subjective allegations).

14  The ALJ is required to state what testimony he or she determined to be not

15  credible and point to the evidence that undermines the plaintiff's credibility. *Dodrill v.*

16  *Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

17  At her first hearing, Plaintiff testified that her pain symptoms interfered with

18  concentration, sleep, ability to sit or stay in one position for more than a few minutes,

19  and sometimes left her bedridden for a whole day. AR 54–56. Plaintiff estimated that on

20  an average day, she had to spend about 30 percent of the time lying down. AR 56.

21  Plaintiff also testified to experiencing numbness in her hands, which interfered with her

22  ability to work at a desk or to perform self-care activities. AR 64–66. According to

23

24

25

1   Plaintiff, she lived alone and had to rely on visitors to help clean the house or change

2   her bedsheets. AR 66.

3        In discounting the weight given to Plaintiff's testimony, the ALJ reasoned that it

4   was inconsistent with (1) evidence of Plaintiff's poor effort on physical examinations and

5   magnification of her symptoms; (2) other objective medical evidence in the record; (3)

6   evidence that Plaintiff's symptoms improved with conservative treatment; and (4)

7   Plaintiff's activities of daily living. AR 1136–41.

8        With respect to the ALJ's first reason, evidence of a claimant's poor effort in

9   physical examinations can undermine the reliability of the claimant's subjective

10  complaints. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Observations

11  of "histrionic exaggeration" of symptoms may also justify discounting a claimant's

12  complaints. *Id.* at 960. Here, the ALJ noted that in a December 2010 visit with her

13  treating provider, despite rating her bilateral lower back and thigh pain as 9 on a 10-

14  point scale and stating that it was worse when sitting, standing, or performing any

15  activity for even minutes, Plaintiff showed no apparent distress in her examination. AR

16  1140 (citing AR 675). The ALJ also found that in a psychiatric consultative examination,

17  Plaintiff was noted to have "demonstrated pain behavior with histrionics," as well as a

18  "vague historian[,]" who "was very difficult to pin down due to excessive elaboration and

19  emotional lability[.]" AR 1140 (citing AR 787).

20       The ALJ also discussed records from one day, May 15, 2013, when Plaintiff

21  completed two physical examinations—one with a treating provider and one with an

22  examining physician. AR 1140–41 (citing AR 774–75, 783). Upon examination with her

23  treating provider, Plaintiff showed normal gait, intact sensation in all extremities, and full

24

25

range of motion in the lumbar spine and shoulders. AR 1140 (citing AR 783). However, in the consultative physical examination, Plaintiff exhibited abnormal gait, decreased sensation, and limited range of motion in her shoulders and lumbar spine. AR 1140 (citing AR 773–74). In addition, the examiner wrote that it was "unclear if [Plaintiff] is giving adequate effort" and showed a positive result on a Hoover's sign test.[3]

On appeal, Plaintiff avers that "none of the examples cited by the ALJ actually establish" symptom magnification, and that "the ALJ is once again improperly attempting to act as his own medical expert. Dkt. 17, p. 12. Plaintiff provides no further detail to support this argument beyond this bare assertion. *Id.* Plaintiff does not effectively refute the ALJ's reasoning and cannot show harmful error.

"The ALJ is responsible for determining credibility, resolving conflicts in the medical testimony, and for resolving ambiguities. We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (citation omitted). Such is the case here. Plaintiff does not show any error in the ALJ's reliance on evidence of symptom magnification.

Because the ALJ provided at least one clear and convincing reason to discount Plaintiff's testimony regarding her symptoms, the Court need not evaluate the ALJ's other reasons, as any error would be harmless. *See Carmickle*, 533 F.3d at 1162. Plaintiff does not establish harmful error in the ALJ's evaluation of her subjective testimony.

---

[3] The Hoover's sign test "is performed to identify instances of feigned lower limb weakness[.]" *§ 71:8. Diagnostic techniques—History and physical examination—Physical signs*, 7 ATTORNEYS MEDICAL ADVISOR § 71:8 (2022). "The test is positive, indicating malingering, if the patient is unable to lift the involved leg, yet exerts no downward pressure with the opposite leg." *Id.*

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 11

1    3. Whether the ALJ Properly Evaluated Lay Witness Statements

2        Finally, Plaintiff assigns error to the ALJ's evaluation of statements from David

3    Graves, Plaintiff's friend; Hessam Salehi, Plaintiff's former caretaker; and Laurie

4    Cassille, Plaintiff's neighbor. Dkt. 17, p. 15.

5        Lay testimony regarding a claimant's symptoms "is competent evidence that an

6    ALJ must take into account," unless the ALJ "expressly determines to disregard such

7    testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236

8    F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the

9    specific record as long as "arguably germane reasons" for dismissing the testimony are

10   noted, even though the ALJ does "not clearly link his determination to those reasons,"

11   and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may

12   "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d

13   639, 642 (9th Cir. 1982).

14       In a statement dated April 1, 2013, Mr. Graves wrote that Plaintiff was unable to

15   sit or stand for long periods of time, needs to lay down frequently, has interrupted sleep

16   due to radicular pain, cannot do household chores, and cannot lift, bend, reach, or

17   stretch. AR 311–13, 316. On October 16, 2013, Mr. Salehi authored a statement in

18   which he indicated that Plaintiff could not stand for more than 15 to 20 minutes at a

19   time, could lift and carry less than five pounds, could walk for only 15 minutes with

20   constant pain, and could not reach out or hold on to objects. AR 404–05, 409. In an

21   additional statement, Mr. Salehi also indicated that Plaintiff was unable to concentrate

22   or sleep well, due to radicular pain symptoms, and needed to stop to lay down every 30

23   minutes when riding or driving in a car. AR 434.

24

25

1   In a statement dated June 16, 2014, Ms. Cassille wrote a statement echoing

2   those of Mr. Salehi and Mr. Graves, and adding that whenever Plaintiff had to stand for

3   any period of time, "such as [while] rinsing vegetable[s] in the sink, she needs to lie

4   down for about 20 minutes." AR 435.

5   The ALJ discounted these statements due to (1) inconsistency with the medical

6   evidence of record; (2) Plaintiff's activities of daily living; and (3) evidence of Plaintiff's

7   symptom exaggeration. AR 1142–43.

8   With respect to the ALJ's first reason, inconsistency with the medical evidence is

9   a germane reason for discrediting lay witness statements. *Lewis v. Apfel,* 236 F.3d 503,

10  511 (9th Cir. 2001). Here, the ALJ noted that the lay witnesses' reports of often-

11  incapacitating radicular spinal and leg pain were inconsistent with electromyogram

12  findings indicating no radicular neuropathy. AR 1142–43; *see* AR 558. The ALJ also

13  found that their descriptions of Plaintiff's activities were inconsistent with physical

14  examination findings indicating normal strength, sensation, gait, and range of motion in

15  her limbs, as well as a lack of muscle atrophy that might otherwise be present in an

16  incapacitated patient. AR 1142–43; *see also* AR 463–79, 484, 491–92, 568, 782–83,

17  808–09, 881. Finally, the ALJ noted that the witnesses' statements regarding Plaintiff's

18  mental dysfunction were inconsistent with normal mental status examinations and a

19  history of minimal, conservative, and effective mental health treatment. AR 1142–43;

20  *see also* AR 663, 727, 740, 787–91, 866, 1139.

21  In citing this objective evidence, the ALJ provided a germane reason for

22  discounting the testimony of each of the three lay witnesses. *Lewis,* at 511. The Court is

23  satisfied that substantial evidence supported this reasoning and therefore, will not

24

25

evaluate the ALJ's other reasons; any error is harmless. *See Carmickle v. Comm'r of*

*Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ properly determined

plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

AFFIRMED.

Dated this 19th day of July, 2022.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge